

OFFICE OF THE ATTORNEY GENERAL OF TEXAS

AUSTIN

280

GERALD C. MANN
ATTORNEY GENERAL

Honorable Charles R. Martin
County Auditor
Harrison County
Marshall, Texas

Dear Sir:

Opinion No. O-4866
Re: Under the facts submitted should
the district or county clerk
collect a fee for the services
rendered to the Industrial Ac-
cident Board, and a related
question?

Your letter of September 19, 1942, requesting the
opinion of this department on the questions stated therein
reads in part as follows:

"Article 427e, of the Penal Code, provides as
follows:

"'Sec. 1. That in every case appealed from
the Industrial Accident Board to any district or
county court, the clerk of such court shall, with-
in 20 days after the filing thereof, mail to the
Industrial Accident Board a notice giving the style,
number and date of filing such suit, and shall
within 20 days after judgment is rendered in such
suit, mail to the Industrial Accident Board a cer-
tified copy of such judgment.

"'In every such case the attorney preparing
the judgment shall file the original and a copy of
same with the clerk of the court. However, the
failure of such attorney to comply with this pro-
vision shall not excuse the failure of the clerk
of a district or county court to mail a certified
copy of such judgment to the Industrial Accident
Board as above provided.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"'Sec. 2. Any clerk of a district or county court who fails to comply with the provisions of this Act shall be guilty of a misdemeanor and upon conviction shall be punished by a fine of not more than $250.00'.

"QUESTION: Under Articles 3927-3928, miscellaneous fees of District Clerk, provision is made for the Clerk to make a charge of fifty cents for certified copy of any petition or other instrument when prepared by plaintiff or defendant and compared by district clerk, for each certificate and seal and ten cents per 300 words to the page. Should the District or County Clerk collected a fee for the above mentioned services rendered to the Industrial Accident Board, and if so, should the fee be collected from the attorneys in the case, or the Board?

". . . ."

It will be noted that you refer to Article 427e of the Penal Code in your letter. Article 427e of Vernon's Annotated Penal Code has no application to the questions presented in your inquiry and we assume that you refer to Article 427c, Vernon's Annotated Penal Code.

Senate Bill No. 440, Acts of the 42nd Legislature, Regular Session, 1931, (Article 427c, Vernon's Annotated Penal Code) reads in part as follows:

"That in every case appealed from the Industrial Accident Board to any District or County Court, the clerk of such court, shall, within twenty (20) days after the filing thereof, mail to the Industrial Accident Board a notice giving the style, number and date of filing such suit; and shall within twenty (20) days after judgment is rendered in such suit, mail to the Industrial Accident Board a certified copy of such judgment. The duties devolving upon District and County Clerks under this Act shall constitute a part of their exofficio duties and for such services they shall not be entitled to any fee.

". . . ."

The 45th Legislature, Regular Session, 1937, enacted House Bill No. 420, providing Workmen's Compensation Insurance for employees of the State Highway Department. Section 19 of House Bill 420, supra, reads in part as follows:

"That in every case appealed from the Board to any district or county Court, the Clerk of such Court shall, within twenty (20) days after the filing thereof, mail to the Board a notice giving the style, number, and date of filing such suit, and shall, within twenty (20) days after judgment is rendered in such suit, mail to the Board a certified copy of such judgment. The duties devolving upon district and county clerks under this law shall constitute a part of their ex officio duties and for such services they shall not be entitled to any fee.

". . . ."

Section 19 of said House Bill No. 420 is brought forward in Vernon's Annotated Penal Code as Article 427c-1.

In a footnote on page 335, Vol. 1, Vernon's Annotated Penal Code it is stated referring to Article 427c that

"This article (Acts 1931, 42nd Leg., p. 308, ch. 182) was, in effect, re-enacted by Acts 1937, 45th Leg., p. 1352, ch. 502, § 19. The re-enacted provisions are set out as article 427c-1. As enacted in 1931, this article contained provisions identical with the provisions now set out in article 427c-1."

Above the footnote just quoted it is stated "Article 427c, Superseded".

In view of the foregoing you are respectfully advised that it is the opinion of this department that the clerk of any district or county court is not entitled to any fee for the services that were required from clerks of the district and county courts under the provisions of Article 427c, Vernon's Annotated Penal Code nor are such clerks entitled to any compensation for the services required by Article 427c-1, Vernon's Annotated Penal Code. Therefore, the

Honorable Charles R. Martin, Page 4

clerks of the district or county courts are not authorized to collect a fee for the abovementioned services rendered to the Industrial Accident Board from the attorneys in the case or the Industrial Accident Board.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Ardell Williams*

Ardell Williams
Assistant

AW:mp

*Gerald C. Mann*

